[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO DISMISS AMENDED COMPLAINT [103]
In this suit, plaintiff seeks damages under a variety of theories arising from the installation of faulty roof shingles on a property she owned. The faulty shingles were on the property when plaintiff bought it in 1991. In 2000, when trying to sell the property, plaintiff learned that the shingles were defective. Defendant (OAF) had made and warranted the shingles.
In 1996, a class action was brought against GAF in the circuit court for Mobile County, Alabama. That action was based on the manufacture and distribution of defective shingles by GAF. Plaintiff was a member of the class as certified by the Alabama court.
The Alabama court ordered notice be given all potential class meters by several means. These included the actual mail notice to identified members of the class, newspaper advertisements, etc. The notice informed class members of the way to "opt out" of the class. CT Page 799
Later, the Alabama court found that notice had been given as it had ordered. Furthermore, the court held that notice was effective and satisfied due process requirements. Final judgment was entered on April 16, 1999. See Final Order and Judgment, April 16, 1999, Exhibit 6 to Affidavit of John T. Shaban, Esq., August 9, 2001. [105]
Plaintiff did not get actual notice of the class action by the "opt-out" date or even before final judgment was entered.
The class action was settled. The settlement provided a procedure by which the claims of class members would be resolved and damages paid.
In 2000, plaintiff learned of the Alabama class-action and that it included the settlement procedure.
Plaintiff submitted her claim in accordance with the prescribed settlement procedure. She now claims in this suit that she was treated inadequately and in contravention of the court-prescribed settlement procedure.
Plaintiff then brought this action.
GAF has moved to dismiss claiming the Alabama class action settlement judgment binds the plaintiff and bars this suit.
Plaintiff counters that since she was not personally served with notice of the Alabama class-action in a timely manner, i.e. in time to "opt out" of the plaintiff class, she is not bound by the Alabama class-action judgment.
The class action was settled. The settlement became the subject of the court judgment.
Commendably, plaintiff makes but one argument to counter the motion to dismiss, namely, "she is not bound by the terms of the settlement agreement . . . because notice of the proposed settlement, and the option to opt-out of it, was not meaningfully provided her." Memorandum of Law in Opposition to Defendant's Motion to Dismiss, or in the Alternative, to Stay Action, August 23, 2001, p. 2. 
The court accepts as true plaintiff's "assertion that she was neither given notice of the Alabama class action lawsuit nor her right to `opt-out' until well after right to `opt-out' had already been extinguished pursuant to the Alabama court's order." Id., p. 3 CT Page 800
In short, plaintiff claims she is not bound by the Alabama judgment, no matter what, simply because she was not afforded actual notice in a timely manner.
Plaintiff has not cited any case which holds due process requires actual receipt of the notice by class member at a meaningful time, i.e., before the opt-out date, or perhaps in time to participate in the final settlement.
Plaintiff does, however, rely heavily on Phillips Petroleum Co. v.Shutts, 472 U.S. 7978 (1985)
Phillips Petroleum Co. v. Shutts, upon which plaintiff relies, does not hold as plaintiff purports. The Supreme Court stated:
 "In this case we hold that a forum State may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant. If the forum State wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection. The plaintiff must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel. The notice must be the best practicable, "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S., at 314-315; cf. Eisen v. Carlisle Jacquelin, 417 U.S. 156, 174-175
(1974). The notice should describe the action and the plaintiffs' rights in it. Additionally, we hold that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an "opt out" or "request for exclusion" form to the court. Finally, the Due Process Clause of course requires that the named plaintiff at all times adequately represent the interests of the absent class members. Hansberry, 311 U.S., at 42-43, 45." Phillips Petroleum Co. V. Shutts, 472 U.S. 797, 811-812 (1985)
The Supreme Court says the the plaintiff "must receive notice." But, "must receive notice" does not mean or require the plaintiff gets actual CT Page 801 notice.
The court has not found any case holding that due process requires, in cases of this type, that the plaintiff class member gets actual notice.
In Silber v. Mabon, 18 F.3d 1449 (9 Cir. 1994). "Arthur P. Argyris was an absent member of securities class" "who did not receive notice that he would be bound by a class action settlement until after the opt out date had passed. The court had held the notice was the "best practicable." Argyris appealed claiming "the notice procedures approved by the district court violated his due process rights." Id., 1450.
In Silber v. Mabon, the court was faced with the very contention now espoused by plaintiff here. Agryris argued "that Phillips Petroleum Co.v. Shutts . . . renders even the procedures approved in VictorTechnologies unconstitutional unless there is actual receipt of notice. That is the issue we must now confront." Silber v. Mabon, 18 F.3d 1449,1452 (9 Cir. 1994).
The Ninth Circuit held:
 "We hold that Argyris's due process rights were not violated even though he did not actually receive notice of the settlement and opt out date in time to opt out before the deadline." Silber v. Mabon, 18 F.3d 1449, 1451 (9 Cir. 1994).
The Ninth Circuit elaborated:
 "The more difficult question Argyris poses is whether Shutts requires that notice actually be received in order to afford an absent class member the opportunity to opt out. [Id., 1453]
 * * * "We do not believe that Shutts changes the traditional standard for class notice from "best practicable" to `actually received' notice. No rule 23(b)(3) case has so construed Shutts. Shutts was concerned with the different problem of implied consent to jurisdiction when a class member fails to opt out of the class. Even so, the notice obligation was defined by reference to Mullane and Eisen, neither of which requires actual receipt.
 "Nor do we read Brown v. Ticor Title Insurance Co., CT Page 802 982 F.2d 386 (9th Cir. 1992), cert. granted, ___ U.S. ___ 114 S.Ct. 56, 26 L.Ed.2d 26 (1993), as Argyris does, to hold that an opt out notice must actually be received to provide an opportunity to opt out for purposes of due process. Relying on Shutts, we held in Brown that a judgment for injunctive relief in a class action certified under Rules 23(b)(1) and (b)(2), which do not provide for the right to opt out, could not constitutionally bar an absent but known class member's subsequent suit for money damages. Brown is distinguishable because Rule 23(b) (3), under which the Silber class was certified, requires that opt outs be allowed and, unlike Brown, Argyris chose to hold his stock in street name and was therefore not known to Silber or Micropolis. As there was no opt out notice of any sort in Brown, the "best notice practicable" was not given; here it was.
 "We therefore conclude that the appropriate question remains, as we put it in Victor Technologies, `what notice is reasonably certain to inform the absent members of the plaintiff class,' 792 F.2d at 865, and the appropriate standard is the `best notice practicable' under Eisen and Mullane. While Argyris was fortuitously unable to exercise his right to opt out in a timely fashion, that fact alone does not mean that the best practicable notice under the circumstances was not given to absent class members. As the procedure in this case for notice to beneficial owners through brokerage houses conformed to Victor Technologies, we affirm the judgment." [Footnote omitted.] Silber v. Mabon, 18 F.3d 1449, 1454 (9 Cir. 1994).
The United States Court of Appeals for the Second Circuit has also held that actual receipt of the notice is not required in order to satisfy due process. See In re Agent Orange Product Liability Litigation, 818 F.2d 145
(2 Cir. 1987); cert. denied, 484 U.S. 1004 (1988). That case involved a plaintiff class of all veterans who were exposed to agent orange while serving in Viet Nam and who suffered or might have suffered physically by reason of the agent orange exposure. The class also included the family members of such veterans. "By any measure, this [was] an extraordinary piece of litigation." Id., 148. It involved veterans of the armed forces of the United States, Australia, and New Zealand. The Court held that the notice given "was the best practicable under the circumstances." CT Page 803
In discussing the notice requirement, the court stated:
 "Rule 23(c)(2) requires only that members of a Rule 23(b) class be given `the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.'" In re Agent Orange Product Liability Litigation, 818 F.2d 145, 168
(2 Cir. 1987)
The Second Circuit expressly disagreed with the contention "that actual notice to each and every class member was essential." Id.
The Second Circuit held that, even though many members of the plaintiff class did not get actual notice of the suit, the notice plan prescribed by the district court "was fully adequate under the circumstances." Id., 169.
Plaintiff does not make any contention that the notice plan adopted and implemented by the Alabama court was not "the best practicable under the circumstances" other than it did not get actual notice to her. Plaintiff has not suggested how the Alabama court, and those representing the plaintiff class, could have known of her identity and her being a member of the class. In the normal course, shingles are not purchased directly from a manufacturer such as GAF. Plaintiff does not claim she was a direct purchaser of the shingles from GAF. The shingles were on the building when she bought it in 1990. Who bought the shingles in the first place and from whom, who installed them on the building would not readily be known. Even if that were known it would not readily inform that plaintiff was a class member. Plaintiff herself did not know she had defective shingles until at least 2000, at least two years after the class action went to judgment.
Under these circumstances, it is hard to see how plaintiff and/or this court can fault the Alabama court's finding that the notice was the best practicable under the circumstances.
In this connection, it is appropriate to repeat the observation of the Second Circuit:
 "Appellants offer no feasible alternative to the notice plan adopted by the district court for identifying and contacting persons actually exposed to Agent Orange. In this regard, we are informed by the statement of our late colleague Judge Friendly that it is inappropriate to secondguess a district court's CT Page 804 class notice procedure, `particularly [where] no alternative method of ascertaining class members' identities has been suggested to us.' Weinberger v. Kendrick, 698 F.2d 61, 71 (2d Cir. 1982), cert. denied, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89
(1983). In sum, the notice plan adopted by Chief Judge Weinstein was fully adequate under the circumstances." In re Agent Orange Product Liability Litigation, 818 F.2d 145, 169 (2 Cir. 1987).
The traditional standard for class notice is "best practicable." Plaintiff makes no contention here that the notice required by the Alabama court was not the "best practicable." Rather, plaintiff's contention is straightforward; she claims she is not bound because she did not receive actual notice. In this regard, plaintiff mistakenly relies on Phillips Petroleum Co. v. Shutts, 472 U.S. 797 (1985).
Plaintiff has presented nothing to counter the rule that the standard for class action notice is "best practicable" and not, as plaintiff contends to "actually received notice." Plaintiff argues Shutts requires actual receipt of notice. The explanation for plaintiff's not presenting any case authority on this critical point is obvious. Plaintiff, like the Ninth Circuit, realizes, "[n]o rule 23(b)(3) case has so construedShutts." Silber v. Mabon, 18 F.3d 1449, 1454 (9 Cir. 1994). And, seven plus years have elapsed since Silber v. Mabon was decided.
The court sees no reason why or how it is not bound by the judgment of the Alabama circuit court. That court specifically found and held:
 "3. The notice given to the members of the Class fully and accurately informed the Class members of all material elements of the proposed Settlement and their opportunity to participate in or be excluded from the Settlement; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class members; and complied fully with Rule 23 of the Alabama Rules of Civil Procedure, the United States Constitution, due process, and other applicable law." Final Order and Judgment, April 16, 1999, Exhibit 6 to Affidavit of John T. Shaban, Esq., August 9, 2001. [105]
The Alabama court's holding that "[t]he notice given to the members of the Class . . . was the best practicable under the circumstances; was valid, due and sufficient notice to all Class members; and complied fully with Rule 23 of the Alabama Rules of Civil Procedure, the United States CT Page 805 Constitution, due process, and other applicable law" must be and is afforded full faith and credit. In turn, it must be given res judicata
effect.
Counts Two, Three, and Four of plaintiff's Amended Complaint, July 9, 2001 [102], are dismissed.
Plaintiff's First Count warrants some further consideration. That First Count states a cause of action based on a claimed breach of the Settlement in the Alabama judgment. Complaint, April 17, 2001. The plaintiff states she submitted a claim as set forth in the Alabama court's approved settlement. She was offered alternative settlement payments (all cash or combinations of cash and quantities of shingles) which she rejected. She appealed as permitted in the Settlement. Without any explanation, her appeal was rejected. According to plaintiff, she has never been given any explanation of the "calculus" used to arrive at the settlement options proposed to her. Plaintiff claims the denial of her appeal was "in contravention of the nationwide class action settlement agreement." Complaint, April 17, 2001, ¶ 11.
The Alabama court's Final Order and Judgment provides:
 "19. Without affecting the finality of this Final Order and Judgment, this Court reserves and maintains exclusive and continuing jurisdiction over this Action and the Parties, including all members of the Settlement Class, and all matters pertaining to the Settlement Agreement; the consummation of the Settlement Agreement; the validity of the Settlement Agreement; the construction and enforcement of the Settlement Agreement; and the entry and enforcement of this Final Order and Judgment, including, in the event of reversal, vacation or modification of this Final Order and Judgment, jurisdiction to revoke this Final Order and Judgment in its entirety and to reinstate all claims dismissed or claims, actions, causes of action and liabilities released pursuant to the Settlement Agreement, and all other matters pertaining to the Settlement.
 * * * "23. Any disputes or controversies arising with respect to the enforcement and interpretation of the Settlement Agreement or this Final Order and Judgment shall be presented by motion to the Court."
CT Page 806
The subject matter of the First Count comes within "disputes or controversies" of paragraph 23 of the Final Order and Judgment of the Alabama court.
The plaintiff is bound by the Alabama judgment. That judgment provides for that court's continuing exclusive jurisdiction of "the construction and enforcement of the Settlement Agreement."
The First Count is dismissed without prejudice to the plaintiff pursuing her rights under the settlement agreement, etc., in the Circuit Court of Mobile County, Alabama.
Defendant's motion to dismiss is granted.
 ___________________ Parker, J.
c:RigatGAF